McKIEL *vs.* PORTER.

Where two are sued, as having executed a bond, although a seal is only attached to
    one name, this is no objection, on demurrer.  The other may have adopted the seal.
In covenant, on an instrument payable in current bank notes of the State of Arkansas,
    it is error, on default, to give judgment for the nominal amount of the note.  There
    must be a writ of inquiry, to ascertain their value.  The plaintiff is only entitled to
    recover their value at the time they were to have been paid.

THIS was an action of covenant, determined in the Phillips Circuit
Court, in November, 1841, before the Hon. ISAAC BAKER, one of the
circuit judges.   Porter sued Josiah S. and William B. McKiel, on a
bond, for the payment of $1,500, in current bank notes of the State
of Arkansas.   On oyer, it appeared that a seal was attached to the
name of one of the defendants only.   Demurrer for variance overruled,
and judgment *nil dicit* against the defendants, for $1,560, debt, with
interest and costs.   The defendants appealed.

The case was argued here by *W. & E. Cummins*, for the appel-
lants.

*By the Court,* DICKINSON, J.   The demurrer was correctly over-
ruled; for the defendants may have adopted the seal as the seal of
both.   If not, under our statute, the party could not deny it, except by
plea, supported by affidavit.

The court, however, clearly erred in giving judgment upon the mo-
tion of the plaintiff below, for the amount of the bank notes, as specified
in the covenant.   Nor does it appear that the defendants waived their
right to a jury to assess the damages.   On the contrary, they spe-
cially except to the court so rendering judgment on the demurrer
The action of covenant is for the recovery of damages, for a breach of
contract; and the extent of such damages must depend upon the evi-
dence introduced.   Current bank notes are not money, and the plain-
tiff was only entitled to recover the value of the notes at the time they
were to have been paid.   And so this court decided in the case of
*Mitchell vs. Walker,* and *Payne and another vs. Rogers and another.*

Judgment reversed.